

**IT IS ORDERED as set forth below:**

*C. Ray Mullins*

**Date: February 8, 2016**

_____

C. Ray Mullins
U.S. Bankruptcy Court Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN RE: | CASE NO: CASE 15-69026-CRM |
|---|---|
| PATRICK OFORI, | CHAPTER 13 |
| Debtor. | |
| PATRICK OFORI, | CONTESTED MATTER |
| Movant, | |
| v. | |
| WELLS FARGO BANK, NA, | |
| Respondent. | |

# ORDER GRANTING DEBTOR'S MOTION TO DETERMINE SECURED STATUS OF WELLS FARGO BANK, NA AND TO STRIP LIEN

**THIS MATTER** is before the Court on Debtor's Motion to Determine Secured Status of Wells Fargo Bank, NA and to Strip Lien ("the Motion") (Doc. No. 23). The Court held a hearing on the Motion on February 2, 2016. At the call of the calendar, no party announced opposition to the Motion and none has been filed with the Court.

The Motion requests a determination that Respondent's second priority deed to secure debt on Debtor's residence, located at 960 Augusta Woods Drive, Douglasville, Georgia 30134 Property"), is completely unsecured and, because there is no value in the Property to which Respondent's junior lien can attach, Respondent's claim is unsecured and its lien may be stripped off. *See Tanner v. FirstPlus Fin., Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000). Based on the representations in the Motion and there being no opposition to the Motion,

**IT IS ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the purposes of Debtor's chapter 13 case, any proof of claim filed by or on behalf of Respondent arising out of its second-priority mortgage shall be treated as a general, non-priority unsecured claim.

**IT IS FURTHER ORDERED** that, effective upon completion of the chapter 13 plan, Respondent's lien, evidenced by a security deed recorded in the Superior Court of Douglas County, Georgia, shall be deemed void without further order; however, the Court reserves jurisdiction to consider, if appropriate, the avoidance of Respondent's lien prior to the administrative closing of the instant chapter 13 case. In the event that Debtor's case is dismissed or converted to chapter 7, Respondent's lien shall not be affected by this order.

The Clerk's Office is directed to serve a copy of this order on Debtor, Debtor's counsel, Respondent and its counsel, and the Chapter 13 Trustee.

**END DOCUMENT**

**Patrick Ofori**
960 Augusta Woods Drive
Douglasville, GA 30134

**Colleen L. Golden**
C. Golden and Associates
PO Box 2171
Cartersville, GA 30120

**Khristie L. Kelly**
Kelly Bankruptcy Law, LLC
P.O. Box 2171
Cartersville, GA 30120

**Nancy J. Whaley**
Nancy J. Whaley, 13 Trustee
Suite 120
303 Peachtree Center Avenue
Atlanta, GA 30303

Wells Fargo Bank, NA
Home Equity Group
Attn: Pennie Cruchelow
1 Home Campus X2303-01A
Des Moines, IA 50328-0001

Well Fargo Bank, NA
Attn: John Stumpf, CEO
101 N. Phillips Ave.
Sioux Falls, SD 57104

Wells Fargo Bank, NA
Home Mortgage
Attn: BK Dept-MAC #3347-014
3476 Stateview Blvd.
Fort Mill, SC 29715

Wells Fargo Home Mortgage
Attn: Robert Levine
Barrett, Daffin, Frappier, Levine & Block, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX 75001

Wells Fargo Bank, NA
Attn: Abbey M. Ulsh
Barrett, Daffin, Frappier, Levine & Block, LLP
15000 Surveyor Blvd., Suite 100
Addison, TX 75001